# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRELL MITCHELL,** | : | CIVIL NO.  3:15-cv-2167 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **JOHN KERESTES, SUE WISLOSKY,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

On October 7, 2015, Terrell Mitchell ("plaintiff" or "Mitchell"), at all relevant times, an inmate incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") Frackville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants Warden John Kerestes and Nurse Sue Wislosky.  (Doc. 1). The matter, which was originally filed in the United States District Court for the Eastern District of Pennsylvania, was transferred to this Court on November 12, 2015.  (Doc. 4). The United States District Court for the Eastern District of Pennsylvania granted Mitchell's request to proceed *in forma pauperis*   (Doc. 2.)  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if it determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii).   For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.      Standards of Review**

A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).  The standard for reviewing a complaint under this section is the same as that for determining a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)

In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations.  Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); see also Iqbal, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"), see also FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief").  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the

record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

## II.     Allegations of the Complaint

Mitchell alleges that, as a result of being "shot 7 times in [his] legs," he suffers from chronic nerve damage and arthritis and is in need of a joint replacement. (Doc. 3, p. 3). He alleges that he received the following treatment: "I was given treatment by a physical theripist [sic], and so far the exercises are not helping much. I'm in a lot of pain and I was given ibuprofen 600 mg tablet (3) packs of (24) which are gone. So I'm forced to deal with the pain I'm in. I told my thripist [sic] I can exercise much without nothing to deal with the pain afterwards." (Id.) He "would like to see an outside doctor and receive better treatment." (Id. at 5).

## III.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95

F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Deliberate indifference has been found where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." Rouse, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. Estelle v. Gamble, 429 U.S. 97,

4

105–06 (1976).

It is well-settled that no claim of deliberate indifference is made out where a significant level of care has been provided, and all that is shown is that the prisoner disagrees with the professional judgment of a physician, or that a different physician has, in the past, taken a different approach to the prisoner's treatment. Estelle, 429 U.S. at 105–06, 107 (finding that "in the medical context, . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"); Parham v. Johnson, 126 F.3d 454, 458 n. 7 (3d Cir. 1997) (recognizing "well-established law in this and virtually every circuit that actions characterizable as medical malpractice do not rise to the level of 'deliberate indifference' "); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (same). See also Taylor v. Norris, 36 F. App'x. 228, 229 (8th Cir. 2002) (finding that deliberate indifference claim failed because it involved a disagreement over recommended treatment for hernias and decision not to schedule a doctor's appointment); AbdulWadood v. Nathan, 91 F.3d 1023, 1024–35 (7th Cir. 1996) (holding that an inmate's disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); Sherrer v. Stephen, 50 F.3d 496, 497 (8th Cir. 1994) (concluding that inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); Czajka v. Caspari, 995 F.2d 870, 871 (8th Cir. 1993) (finding inmate's mere disagreement with doctor's informed decision to delay surgery does not

establish Eighth Amendment claim). "Certainly, no claim is presented when a doctor disagrees with the professional judgment of another doctor. There may, for example, be several ways to treat an illness." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

In accepting the truth of the allegations set forth by Mitchell, it is clear that he has consistently received medical treatment. All indications are that he simply disagrees with the course of medical treatment provided thus far. Because the complaint does not allege enough facts to state a plausible claim to relief the complaint is subject to dismissal.

**IV.     Leave to Amend**

When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116–17 (3d Cir. 2000). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Darr v. Wolfe, 767 F.2d 79, 80–81 (3d Cir. 1985); Kauffman v. Moss, 420 F.2d 1270, 1276 (3d Cir.1 970); I–Keim Smith v. Lt. J. Price, No. 11–1581, 2012 WL 1068159, at *5 (M.D.Pa. Mar. 5, 2012). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Although the action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), plaintiff will be afforded the

opportunity to amend his complaint.

## V.     **Conclusion**

For the reasons set forth above, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).  However, plaintiff will be afforded the opportunity to amend.

An appropriate order follows.

                                       **BY THE COURT:**

                                       **s/James M. Munley**
                                       **JUDGE JAMES M. MUNLEY**
                                       **United States District Court**

Dated:     December 9, 2015